JUDGE DANIELS

14 CV 253

| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>150 Broadway, Suite 808<br>New York, NY 10038<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 | |
|---|---|

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REICO JOYETTE,<br><br>                    Plaintiff,<br><br>v.<br><br>THE CITY OF NEW YORK,<br>NYPD Sergeant Katherine Cordes<br>(Tax #946878) (Shield #2993) and<br>NYPD Officer Jennifer Rosario<br>(Tax # 947435) (Shield #10604),<br><br>                    Defendants. | **Complaint**<br><br>JURY TRIAL DEMANDED<br><br>Civ. No.: |



RECEIVED JAN 14 2014 U.S.D.C. S.D.N.Y. CASHIERS

### PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and NYPD members Sergeant Katherine Cordes and Officer Jennifer Rosario, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting him, and for Sergeant Katherine Cordes and Officer Jennifer Rosario's failure to intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## NOTICE OF CLAIM

4. Pursuant to the New York State General Municipal Law, Plaintiff served a Notice of Claim upon the THE CITY OF NEW YORK within the 90-day statutory period, giving Notice of these claims to the extent required by law.

5. Over thirty (30) days has since expired without THE CITY OF NEW YORK remedying, settling or adjusting this claim.

6. Plaintiff served his Notice of Claim upon the defendant City on November 12, 2013 and Plaintiff appeared for his 50-H Hearing on January 13, 2014.

## DEMAND FOR A JURY TRIAL

7. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

8. Plaintiff Reico Joyette ("Plaintiff" or "Mr. Joyette") is a 59 year old man with no criminal record; and Plaintiff is a resident of Kings County in the City and State of New York.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

2

10. Sergeant Katherine Cordes is a member of the NYPD who was involved in the arrest of Plaintiff on October 24, 2012. Defendant Cordes is sued in her individual and official capacity.

11. Police Officer Jennifer Rosario is a member of the NYPD who was involved in the arrest of Plaintiff on October 24, 2012. Defendant Rosario is sued in her individual and official capacity.

## STATEMENT OF FACTS

12. On October 24, 2012, Plaintiff, who was heading home after work, and within the New York City Subway Transit System, boarded a southbound #6 train, on or about 68th Street and Lexington Avenue.

13. On October 24, 2012, and on or about 3:15PM-3:30PM, upon boarding the aforementioned subway car, Plaintiff was pushed from behind by Defendant Rosario into Defendant Cordes.

14. Soon thereafter, Plaintiff exited the train and was then approached by Defendants Rosario and Cordes who arrested Plaintiff under the false premise that Plaintiff had pushed his groin against the buttocks of a third party complainant.

15. Plaintiff, however, had not done anything wrong and Defendants Rosario and Cordes were aware of this fact. Nevertheless Defendants Rosario and Cordes caused Plaintiff to be criminally charged with violating NY PL §§130.52, Focible Touching and 130.55, Sexual Abuse in the Third Degree.

16. Plaintiff was then transported to a police precinct where he was processed.

17. Subsequently, Plaintiff awaited arraignment in Manhattan Central Booking and eventually appeared before the Honorable Judge Ross, who released Plaintiff into his own custody.

18. Due to the completely false and mendacious statements of Defendants Rosario and Cordes, as against Plaintiff, Plaintiff was required to retain private defense counsel to defend himself against the false charges levied against him.

19. Due to the completely false and mendacious statements of Defendants Rosario and Cordes, as against Plaintiff, Plaintiff was required to attend Criminal Court eight (8) times, post arraignment.

20. Due to the completely false and mendacious statements of Defendants Rosario and Cordes, as against Plaintiff, Plaintiff was required to lose time from work each and every time he was required to attend court, which resulted in pecuniary loss to Plaintiff.

21. Due to the completely false and mendacious statements of Defendants Rosario and Cordes, as against Plaintiff, Plaintiff lost contributions to his annuity and 401K plan, as a result of the time he missed at work, defending himself in Criminal Court.

22. Due to the completely false and mendacious statements of Defendants Rosario and Cordes, as against Plaintiff, Plaintiff was required to seek professional medical help, due to the embarrassment, fear and humiliation that his false arrest caused him.

23. Due to the completely false and mendacious statements of Defendants Rosario and Cordes, as against Plaintiff, and his subsequent criminal prosecution, Plaintiff suffered a breakdown in his relationship with his wife and children.

4